KANE, PUGH, KNOELL, TROY & KRAMER LLP
BY:   **JUSTIN A. BAYER, ESQUIRE**
ATTORNEY I.D. NO. 032722004
510 SWEDE STREET
NORRISTOWN, PA 19401
(610) 275-2000

ATTORNEY FOR DEFENDANT
GREYHOUND LINES, INC.

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR THOMPSON and DIANE THOMPSON, his wife, | **Civ. Action No.** |
| Plaintiffs | |
| v. | |
| GREYHOUND LINES, INC.; JOHN/JANE DOES 1-10, Fictitious persons; and ABC CORPORATIONS 1-10, Fictitious Corporations, j/s/a, | |
| Defendants | |

---

### NOTICE OF REMOVAL OF DEFENDANT, GREYHOUND LINES, INC.

Defendant, Greyhound Lines, Inc., through its undersigned counsel, hereby give notice of the removal to this Court of a State Civil Action pending in the Superior Court of New Jersey, Camden County, Law Division, and in support thereof avers as follows:

1. Plaintiffs commenced this personal injury action by filing a Complaint in the Superior Court of New Jersey, Camden County, Law Division, on or about August 14, 2017. A true and correct copy of the Complaint is attached as Exhibit "A." The action was filed as *Arthur Thompson and Diane Thompson v. Greyhound Lines, Inc., et al.*, Docket No. CAM-L-3188-17.

2. Plaintiffs allege personal injuries and a loss of consortium as a result of Arthur Thompson falling from his wheelchair while being lowered on a lift from a bus owned by

Defendant Greyhound Lines, Inc. Plaintiffs seek damages in an unspecified amount but which, upon information and belief, exceed the sum of $75,000.00.

3. Upon information and belief, and as alleged in the Complaint, Plaintiffs, Arthur Thompson and Diane Thompson, are citizens of the state of New Jersey. See Ex. A at ¶ 1.

4. Greyhound Lines, Inc. is a corporation incorporated in the state of Delaware, with its headquarters and principal place of business in the state of Texas.

5. All other defendants named in the Complaint are fictitiously-named persons or entities. See Ex. A at ¶ 3. Under 28 U.S.C. § 1441(b), in determining whether the Court has original jurisdiction based on diversity of citizenship, the citizenship of defendants sued under fictitious names is to be disregarded.

6. Accordingly, there is complete diversity of citizenship between Plaintiffs and Defendant.

7. Therefore, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because the matter is between citizens of different states and the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. The summons and underlying complaint were received by Defendant, Greyhound Lines, Inc. on or about August 30, 2017. See correspondence and United States Postal Service Certified Mail tracking confirmation, attached hereto as Exhibit "B."

9. Accordingly, this notice has been filed in the United States District Court for the District of New Jersey within the time provided by law for the removal of civil actions to the United States District Court. 28 U.S.C. § 1446(b)(1).

10. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a substantial part of the events or alleged omissions giving rise to the claim occurred in the State of New Jersey.

11. Defendant has not pleaded or otherwise appeared in this action.

12. By reason of the foregoing, a removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

13. Defendant is are giving written notice of this removal to Plaintiffs and will file a copy of this notice of removal with the Clerk of the Court of the Superior Court of the State of New Jersey, Camden County, thereby effecting the removal of the action to this Court.

14. Removal is hereby effective, without waiver of any challenges that Defendant, Greyhound Lines, Inc. may have to personal jurisdiction, proper service or proper venue.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

DATE: 9/22/2017

BY: /s/ Justin A. Bayer, Esquire
JUSTIN A. BAYER, ESQUIRE
Attorney for Defendant, Greyhound Lines, Inc.